IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LUMICO LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>TRELLIS PRICE,<br><br>            Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Lumico Life Insurance Company ("Lumico"), by and through its undersigned counsel, hereby files and asserts its Complaint against Trellis Price ("Price"), and in support thereof alleges as follows:

## **INTRODUCTION**

1.      Lumico seeks a Declaratory Judgment under 28 U.S.C. § 2201 to establish its rights and obligations pursuant to a life insurance policy insuring the life of Mae Spann (the "Insured").

2.      On May 27, 2018, an individual purporting to be the Insured electronically completed and submitted an application for term life insurance coverage on the Insured's life from Lumico. Based upon the answers and information the Insured purportedly provided in the application, Lumico issued a $200,000 15-year level term life insurance policy on the Insured's life.

3.      On February 21, 2023, following the Insured's death, Defendant Price submitted a claim for the policy's death benefits to Lumico.

4. After receiving Price's claim, Lumico discovered discrepancies between the information provided on the application for the policy and the information that Lumico received and gathered to evaluate the claim. Examples of such discrepancies include: (1) the address listed as the Insured's on the application was actually Price's address, which the Insured lived across the street from around the same time that the application for the policy was submitted to Lumico; (2) the email address listed as the Insured's email address on the application belongs to Price; (3) the phone number listed as the Insured's on the application belonged to Price, not the Insured; (4) the Insured's husband of 38 years was unaware of any life insurance policy for the Insured; and (5) the Insured's husband advised that Price is not a relative of the Insured, as stated on the application for the policy.

5. Upon information and belief, the Insured did not consent to or complete the application for the policy and was unaware of the policy's existence. Rather, an imposter without an insurable interest in the Insured's life was aware that the Insured was in poor health and posed as the Insured and misrepresented the Insured's personal information on the application to procure the policy and ultimately obtain the policy's death benefits.

6. Upon information and belief, Defendant Price and/or his agents are the imposters who fraudulently completed and submitted the application to obtain the policy on the Insured's life and benefit from the Insured's death.

7. Upon information and belief, Defendant Price and/or his agents lacked an insurable interest in the continuance of the Insured's life.

8. Because the Insured was unaware of and did not consent to the issuance of the policy, and because the policy was not supported by an insurable interest, the policy is void and unenforceable.

9.     There is an actual controversy of a justiciable nature concerning the rights and obligations of the parties under the subject life insurance policy.

## PARTIES

10.    Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York.  Lumico is a citizen of Missouri and New York.

11.    Upon information and belief, Defendant Price is an adult individual who resides at 624 Prosperity Drive, Lamar, South Carolina 29069, and is a citizen of the State of South Carolina.

## JURISDICTION AND VENUE

12.    This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Lumico, a citizen of Missouri and New York, and Defendant Price, a citizen of South Carolina, and because the amount in controversy exceeds $75,000.

13.    Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because, upon information and belief, Defendant Price resides in this judicial district.  Moreover, venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Lumico's claims occurred in this judicial district.

## FACTUAL BACKGROUND

### The Application

14.    On May 27, 2018, an individual purporting to be the Insured electronically applied for a term life insurance policy from Lumico.

15.    The individual posing as the Insured proceeded to digitally execute an application for a $200,000 term life insurance policy. A true and correct copy of the policy, including the application, is attached hereto as **Exhibit A**.

16.    The application stated that the Insured's home address was 624 Prosperity Drive, Lamar, South Carolina 29069. *See* Ex. A at 21.

17.    The application stated that the Insured's phone number was (803) 486-5025. *Id.*

18.    The application identified Trellis Price, who was described as "other family member," as the sole beneficiary of the policy. *See* Ex. A at 23.

19.    The purported Insured affixed the Insured's electronic signature to the application. In doing so, that individual attested that the representations in the application were "true and complete to the best of [her] knowledge and belief." *See* Ex. A at 26.

**The Policy**

20.    On or about July 5, 2018, Lumico issued Policy No. G0153791, insuring the Insured's life and offering a $200,000 death benefit, based upon the statements and information set forth in the application. *See* Ex. A at 3.

21.    Based upon the representation that the Insured's permanent residence was in South Carolina, the policy was issued on South Carolina forms under the law of South Carolina. *See* Ex. A at 8.

22.    An insurance policy is a legal contract between the insurer and the policy's owner. Ex. A at 15 ("This Policy is a legal contract between You and Us."); *see also* Ex. A at 11 ("You and Your means the Owner of this Policy.").

23.    The "Owner" of the policy was identified as Mae Spann. Ex. A at 8.

**Price's Claim for Policy Proceeds**

24. Upon information and belief, Mae Spann died on or about February 6, 2023.

25. Soon thereafter, Lumico was notified of the Insured's death when Price submitted a claim under the policy via phone call. On the phone call, Price stated that the Insured was his aunt and mentioned that the phone number listed as the Insured's on the application for the policy belonged to Price.

26. On or about February 21, 2023, Lumico received a claim form from Price, a true and correct copy of which is attached as **Exhibit B**. On the claim form, Price, who previously purported to be the Insured's nephew in his phone call to Lumico, identified himself as the Insured's cousin.

27. Upon review of Price's claim, Lumico interviewed the Insured's husband of 38 years. The Insured's husband was unaware of any life insurance policy for the Insured and advised that Price is not a relative of the Insured, as stated on the application for the policy and as Price represented to Lumico in his phone call and on his claim form. Rather, the Insured's husband identified Price as a former neighbor.

28. Furthermore, Lumico discovered that the Insured did not live at the address listed in the application – Price did – and instead resided at an address across the street from that address/Price. Additionally, the email address listed on the application as the Insured's belongs to Price, and the phone number listed on the application as the Insured's belonged to Price, not the Insured.

29. Finally, the bank account that was listed as the Insured's on the application was also listed on Price's claim form as the bank account that the policy's proceeds should be

deposited into. It is therefore apparent that the bank account listed as the Insured's on the application belonged to Price, not the Insured.

30. Based on the information that Lumico obtained during its investigation of Price's claim, it became apparent that the individual who completed the application for the policy was not the Insured. Indeed, Lumico was unable to locate any information indicating that the Insured consented to the policy or was aware of the policy's existence.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT – NO VALID POLICY EVER EXISTED

31. Lumico hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

32. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

33. As set forth above, the policy purports to be a contract between Lumico and the Insured.

34. Upon information and belief, the Insured never applied for the policy, authorized anyone to apply for the policy on her behalf, consented to the issuance of the policy, or was aware of the policy's existence.

35. Upon information and belief, an imposter posing as the Insured applied for and obtained the policy.

36. That imposter had no authority or capacity to contract with Lumico on behalf of the Insured, nor did Lumico intend to contract with anyone *other* than the Insured.

37. Upon information and belief, the imposter posing as the Insured did not know basic information about the Insured, such as the Insured's true address, phone number, and email address, and thus included false information in the application because the truth was not known to him.

38. Upon information and belief, the imposter provided such false information to hide from Lumico the fact that the Insured herself was not applying for and did not consent to the issuance of the policy.

39. Under South Carolina law, an insurance policy procured without the Insured's knowledge or consent is void as against public policy. *See Ramey v. Carolina Life Ins. Co.*, 135 S.E.2d 362, 365 (S.C. 1964).

40. Price, on the other hand, contends that he is entitled to payment of the death benefits under the policy.

41. As a result, there is a current, existing controversy between Lumico and Defendant Price regarding whether a valid policy exists and whether any benefits are due.

42. Lumico is entitled to a judicial declaration that the policy was not valid and is unenforceable, and that the only obligation Lumico may have to Price is to tender back to him any premiums paid on the policy.

**SECOND CAUSE OF ACTION**
**DECLARATORY JUDGMENT – LACK OF INSURABLE INTEREST**

43. Lumico hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

44. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United States, upon the filing of an appropriate pleading, [to] declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

45. Upon information and belief, the Insured never applied for the policy, authorized anyone to apply for the policy on her behalf, or consented to the issuance of the policy.

46. Upon information and belief, an individual other than the Insured paid the premiums, including the initial premium, for the policy.

47. Upon information and belief, the Insured was not living with the named beneficiary on the policy, Price, at the address listed as the Insured's address on the application, nor did Price as a non-family member have an insurable interest in the Insured's life at the time the policy was issued (or any time thereafter).

48. Under South Carolina law, a policy that is procured by someone on the life of another and made payable to a beneficiary without an insurable interest in that person's life is absolutely void as a wagering contract. *See Henderson v. Life Ins. Co. of Va.*, 179 S.E. 680, 691 (S.C. 1935).

49. As a result, there is a current, existing controversy between Lumico and Price regarding the validity of the policy and whether any benefits are due.

50. Lumico is entitled to a judicial declaration that the policy is void ab initio, and that the only obligation Lumico may have to Price is to tender back to him any premiums paid on the policy.

WHEREFORE, Lumico respectfully requests the entry of an Order by this Court as follows:

A. Declaring that the policy is void because the Insured, Mae Spann, neither applied for nor consented to the application for the policy or the issuance of the policy;

B. Alternatively, declaring that the policy is void as a wagering policy because it was procured by someone other than the Insured and made payable to an individual with no insurable interest in the life of the Insured;

C. Declaring that by tendering to Price the premiums paid on the policy, Lumico has fully discharged any obligations it may have had relating to the policy;

D. Awarding Lumico its costs associated with bringing this lawsuit, as determined by the Court; and

E. Awarding Lumico any further relief this Court deems appropriate.

          **HAYNSWORTH SINKLER BOYD, P.A.**

          By:   s/ John C. Bruton, Jr.
                  John C. Bruton, Jr., Esquire
                  USDC #1543
                  1201 Main Street, 22nd Floor
                  Columbia, SC  29201
                  PH: (803) 779-3080
                  FAX: (803) 765-2343
                  jbruton@hsblawfirm.com

June 14, 2023           *Attorneys for Plaintiff Lumico Life Insurance Company*